Diane Y. Byun (SBN 337155)
David C. Silver (*pro hac vice forthcoming*)
**SILVER MILLER**
5411 North University Drive – Suite 203
Coral Springs, Florida 33067
Telephone: (954) 516-6000
DByun@SilverMillerLaw.com
DSilver@SilverMillerLaw.com

*Attorneys for Plaintiff Mohan Trikha*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MOHAN TRIKHA, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>JOHN DOE, an individual,<br><br>        Defendant. | Case No. _____<br><br>**COMPLAINT FOR:**<br>**(1) REPLEVIN**<br>**(2) CONVERSION**<br>**(3) UNJUST ENRICHMENT**<br>**(4) IMPOSITION OF A CONSTRUCTIVE TRUST AND DISGORGEMENT OF FUNDS**<br>**(5) VIOLATION OF CALIFORNIA PENAL CODE § 496 (POSSESSION OF STOLEN PROPERTY)** |

COMPLAINT

Plaintiff MOHAN TRIKHA, an individual ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant JOHN DOE, an individual ("Defendant"); for damages and equitable relief. As grounds therefor, Plaintiff alleges the following:

## PRELIMINARY STATEMENT

1.    This action is brought by Plaintiff, a California citizen, who lost approximately Four Million Nine Hundred Ninety-Two Thousand Six Hundred Dollars ($4,992,600.00) worth of cryptocurrency in the course of a government impersonation scam.

2.    Defendant JOHN DOE played a material role in the scheme to steal Plaintiff's assets and, upon information and belief, currently possesses all or a significant portion of Plaintiff's stolen property.

3.    As a result of Defendant's misconduct, Plaintiff has suffered grave economic harm for which he seeks compensatory relief and to recover his stolen assets.

## PARTIES, JURISDICTION AND VENUE

### THE PARTIES

### Plaintiff

4.    Plaintiff MOHAN TRIKHA is an individual domiciled in Milpitas, California, is a citizen of the State of California, and is *sui juris*.

### Defendant

5.    Defendant JOHN DOE is an individual and, upon information and belief, is *sui juris*.

6.    At all times material hereto, Defendant has maintained -- and continues to maintain as of the date of this filing -- private cryptocurrency wallets in which Defendant holds all or a portion of the cryptocurrency stolen from Plaintiff.

7.    Although it is unknown to Plaintiff precisely where Defendant is domiciled, Defendant expressed to Plaintiff (as explained more fully below) that Defendant lives in India, as he purportedly

works as a member of the Delhi Police Department and is affiliated with the Indian consulate. Thus, upon information and belief, Defendant is domiciled in India and is a citizen of India.

### Other Liable Persons/Entities

8. In addition to Defendant JOHN DOE, there are likely other parties who may be liable to Plaintiff, but about whom Plaintiff currently lacks specific facts to permit him to name these persons or entities as party defendants -- including, without limitation, the cryptocurrency exchanges through which the subject transactions were initiated or processed, although for the purpose of this filing, Plaintiff does not presently address or allege the culpability of such exchanges. By not naming such persons or entities at this time, Plaintiff is not waiving his right to amend this pleading to add such parties, should the facts warrant adding such parties.

### JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorneys' fees, and is an action between a U.S. citizen and a citizen of a foreign state.

10. This Court has personal jurisdiction over Defendant because he or she committed a tort in this jurisdiction.

11. Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1391 because the causes of action accrued in this jurisdiction.

### DIVISIONAL ASSIGNMENT

12. This action is properly assigned to the San Jose Division because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Santa Clara County.

### GENERAL FACTUAL ALLEGATIONS

13. Plaintiff is an 81-year-old California resident who was targeted and deceived by Defendant's sophisticated government impersonation scheme.

14.     In or around February 2026, Plaintiff was contacted by Defendant, who falsely claimed to be affiliated with Indian law enforcement and financial crime investigation authorities. Defendant informed Plaintiff that Plaintiff's financial accounts were allegedly implicated in an investigation and that immediate action was required to verify and safeguard Plaintiff's assets.

15.     Defendant presented Plaintiff with purported official documentation containing detailed directives that, to Plaintiff, reasonably appeared authentic and that invoked the authority of various governmental, law enforcement, and regulatory agencies.

16.     By falsely representing that Plaintiff's assets were compromised and at imminent risk of seizure or loss -- and by falsely invoking governmental authority and urgency -- Defendant frightened and pressured Plaintiff into liquidating significant assets and transferring funds through financial channels represented to be secure, legitimate, and subject to governmental oversight as part of an alleged compliance, verification, and asset-protection process.

17.     Defendant manipulated and pressured Plaintiff into carrying out a series of significant financial transactions over a period of four weeks (March 2026 - April 2026), resulting in the theft from Plaintiff of approximately Four Million Nine Hundred Ninety-Two Thousand Six Hundred Dollars ($4,992,600.00).

18.     Throughout this period, Defendant maintained relentless and continuous contact with Plaintiff, closely surveilling and directing Plaintiff's actions, demanding immediate compliance by Plaintiff at each stage of the transactions, and repeatedly warning Plaintiff that any hesitation or deviation would result in the immediate seizure or permanent loss of the precious assets Plaintiff had accumulated over his 81 years of hard work and careful saving.

19.     The financial activity orchestrated by Defendant included the liquidation of Plaintiff's assets through brokerage platforms, transfers of funds from bank accounts by wire, the conversion of funds into cryptocurrency through recognized U.S.-based cryptocurrency exchanges, and the

subsequent transfer of cryptocurrency to digital wallet addresses designated and controlled by Defendant.

20.    To further the scheme and conceal its fraudulent nature, Defendant structured the transactions to resemble typical financial activity by directing Plaintiff to use recognized financial platforms and institutions, such as established U.S.-based cryptocurrency exchanges.

21.    At Defendant's direction, Plaintiff first attempted to convert funds into cryptocurrency and transfer the cryptocurrency to digital wallet addresses designated by Defendant through a U.S.-based cryptocurrency exchange. When Plaintiff attempted to carry out the transfers through this exchange, the exchange promptly identified the account activity as suspicious and indicative of fraud, and thereafter restricted and closed Plaintiff's account.

22.    Following the first exchange's actions, Defendant directed Plaintiff to abandon the first exchange and instead open and utilize an account through another prominent U.S.-based cryptocurrency exchange, which Defendant represented would permit the transactions to proceed without interruption or additional scrutiny.

23.    Unlike the first exchange, the second exchange failed to detect, prevent, or halt the blatantly suspicious transactions despite the anomalous and uncharacteristic nature, volume, and circumstances of the activity, thereby enabling Defendant to steal from Plaintiff assets valued at the time at approximately Four Million Nine Hundred Ninety-Two Thousand Six Hundred Dollars ($4,992,600.00).

24.    Shortly after having obtained Plaintiff's assets, communications from Defendant to Plaintiff ceased or became evasive and inconsistent; and none of Plaintiff's funds were ever returned to Plaintiff.

25.    Plaintiff later learned that Defendant was not affiliated with any legitimate governmental or regulatory authority and that the supposed "asset protection" process was in fact a

coordinated fraud scheme. By the time Plaintiff discovered the truth, however, it was too late; the fraud was complete, and Plaintiff was left devastated.

26.    Through blockchain analytics tracing the path of Plaintiff's cryptocurrency assets through the scheme coordinated by Defendant, it has become apparent that Defendant has stolen all of Plaintiff's assets; and those assets have been transferred to non-custodial private digital wallets under Defendant's sole control or have been liquidated into fiat currency and dissipated by Defendant.

27.    For example, as of 6:00 a.m. PT on the date of this filing (May 18, 2026), Plaintiff's stolen assets have been traced to, *inter alia*, the following cryptocurrency wallet addresses in non-custodial private wallets, which are believed to be owned or controlled by Defendant or an unknown third-party to whom Defendant has transferred those stolen assets and which have been used to launder the assets stolen from Plaintiff (the "Four Intermediate Destination Addresses"):

| Four Intermediate Destination Addresses | Asset Type | Funds under claim (average confirmed with five tracing methodologies; stated in cryptocurrency unit) |
|---|---|---|
| 1APgytVDAsXEK86LSP4G9F6onhCyEAPRF2 | BTC | 25.277448 |
| Bc1q6f8cyjnldjf8acqd2fxmr9qsee86jaxpzf7jp4 | BTC | 17.0 |
| bc1qpyxmkzuc3lzc67g7tuq0jgq6tfsgvhudlzen8n | BTC | 4.0 |
| bc1qwvg5p5qfy2glvrxy7d77vplph4k58ll09yj7pd | BTC | 25.5 |
| | TOTAL | 71.777448 BTC |

28.    Shortly after 6:00 a.m. PT on May 18, 2026, the stolen assets held in the Four Intermediate Destination Addresses were further consolidated into just two separate private digital wallet addresses (the "Two Consolidated Destination Addresses"):

| Two Consolidated Destination Addresses | Asset Type | Funds under claim (average confirmed with five tracing methodologies; stated in cryptocurrency unit) |
|---|---|---|
| Bc1qux2x93td0ljuv3zmx6guhz0lx67smru832pp93 | BTC | 32.7359584 BTC |

| Two Consolidated Destination Addresses | Asset Type | Funds under claim (average confirmed with five tracing methodologies; stated in cryptocurrency unit) |
|---|---|---|
| Bc1qa7u3d4505e8at2a2t6g6wvvsfr3mfs39p5cne6 | BTC | 39.0414896 BTC |
| | **TOTAL** | **71.777448 BTC** |

**FLOW OF STOLEN BTC**

[ALL 71,777448 BTC MOVED 5/18/2026]

29.     Plaintiff does not own or manage, and cannot himself access, any of the above-listed Four Intermediate Destination Addresses or the Two Consolidated Destination Addresses; although those Four Intermediate Destination Addresses and the Two Consolidated Destination Addresses appear to be holding, or held, Plaintiff's stolen assets.

30.     As a result of the actions described above, Plaintiff has suffered damages in an amount that will be proven at trial.

31.     Plaintiff duly performed all of his duties and obligations; and any conditions precedent to Plaintiff bringing this action have occurred, have been performed, or else have been excused or waived.

- 7 -
COMPLAINT

32.     To enforce his rights, Plaintiff has retained undersigned counsel and is obligated to pay counsel a reasonable fee for its services.

### COUNT I – REPLEVIN

Plaintiff re-alleges, and adopts by reference herein, Paragraphs 1 - 32 above, and further alleges:

33.     This is an action to recover possession of personal property.

34.     The property at issue is 71.777448 BTC.

35.     Upon information and belief, the U.S. Dollar equivalent value of the personal property as of the date of theft is approximately Four Million Nine Hundred Ninety-Two Thousand Six Hundred Dollars ($4,992,600.00).

36.     As of the date of this filing, the personal property at issue is believed to be stored in the Two Consolidated Destination Addresses delineated above which are believed to be owned or controlled by Defendant or an unknown third-party to whom he has transferred those stolen assets.

37.     Plaintiff does not own or manage, and cannot himself access, any of the above-listed Two Consolidated Destination Addresses; although those Two Consolidated Destination Addresses appear to be holding Plaintiff's stolen assets.

38.     Plaintiff owned and had the right to immediately possess the personal property -- not just a mere right to payment for the value of those cryptocurrencies -- that was taken from him.

39.     JOHN DOE has intentionally exercised control, and continues to exercise control, over the cryptocurrencies in such a way as to exclude Plaintiff from using or possessing them.

40.     The property has not been taken for any tax, assessment or fine pursuant to law, nor has it been taken under an execution or attachment against Plaintiff's property.

### COUNT II – CONVERSION

Plaintiff re-alleges, and adopts by reference herein, Paragraphs 1 - 32 above, and further alleges:

41.     At all times material hereto, Plaintiff owned and had the right to immediately possess the cryptocurrency assets Defendant falsely represented needed to be transferred to purportedly protect

Plaintiff's assets, and which were thereafter wrongfully taken from Plaintiff and transferred to digital wallet addresses owned or controlled by Defendant and/or unknown third parties participating in the fraud scheme.

42.    When the cryptocurrency assets were transferred by Plaintiff into what he believed were secure and government-monitored digital wallet addresses established for the protection of his assets, but were in fact digital wallet addresses controlled by Defendant and/or co-conspirators, Defendant intentionally took possession of and assumed dominion and control over Plaintiff's assets.

43.    Defendant has intentionally exercised control, and continues to exercise control, over Plaintiff's cryptocurrency assets in such a way as to exclude Plaintiff from using or possessing those assets.

44.    Defendant knew the property Defendant received was stolen or obtained in a manner constituting theft.

45.    As such, Defendant wrongfully converted Plaintiff's cryptocurrency assets.

46.    Defendant -- through actual fraud, misappropriation, conversion, theft, or other questionable means -- obtained Plaintiff's cryptocurrency, which in equity and good conscience Defendant should not be permitted to hold.

47.    The cryptocurrency assets at issue are specific, identifiable property and can be traced in assets of Defendant at the Two Consolidated Destination Addresses and elsewhere.

48.    As a direct and proximate result of the foregoing, Plaintiff suffered the wrongful conversion of personal property whose value exceeds Seventy-Five Thousand Dollars ($75,000.00).

## COUNT III - UNJUST ENRICHMENT

Plaintiff re-alleges, and adopts by reference herein, Paragraphs 1 - 32 above, and further alleges:

49.    Plaintiff conferred a direct benefit upon Defendant JOHN DOE (albeit unwillingly so) by providing the extremely valuable cryptocurrency that Defendant stole from Plaintiff.

50. Defendant has knowledge of the benefit Plaintiff conferred upon him and has retained such benefit.

51. The circumstances under which Plaintiff conferred, and Defendant accepted, such benefit render Defendant's retention of the benefits inequitable.

52. Equity requires that Defendant return to Plaintiff the benefits he conferred upon Defendant.

### COUNT IV – IMPOSITION OF A CONSTRUCTIVE TRUST AND DISGORGEMENT OF FUNDS

Plaintiff re-alleges, and adopts by reference herein, Paragraphs 1 - 32 above, and further alleges:

53. This is an action to impose a constructive trust upon the property taken from Plaintiff that is currently held by Defendant JOHN DOE in the Two Consolidated Destination Addresses delineated above.

54. This action further calls for the restoration to Plaintiff of that wrongfully obtained property.

55. As set forth above, Defendant JOHN DOE -- through actual fraud, misappropriation, conversion, theft, or other questionable means -- obtained Plaintiff's cryptocurrency, which in equity and good conscience Defendant should not be permitted to hold.

56. The cryptocurrency assets at issue are specific, identifiable property and can be traced in assets of Defendant JOHN DOE's at the Two Consolidated Destination Addresses and elsewhere.

57. Any and all assets being held by Defendant in the Two Consolidated Destination Addresses must be held in trust for Plaintiff's benefit, as Defendant is not entitled to the benefit of wrongfully misappropriated, converted, and stolen funds and cryptocurrency assets that were taken from Plaintiff.

58. The 71.777448 BTC identified herein which are being held by Defendant or Defendant's accomplices in the Two Consolidated Destination Addresses -- or any subsequent digital wallet address

to which the assets stolen from Plaintiff have been or are in the future transferred -- must be disgorged to Plaintiff's benefit, as Defendant is not entitled to the benefit of wrongfully misappropriated, converted, and stolen funds and cryptocurrency assets that were taken from Plaintiff.

## COUNT V – VIOLATION OF CALIFORNIA PENAL CODE § 496
### (Possession of Stolen Property)

Plaintiff re-alleges, and adopts by reference herein, Paragraphs 1 - 32 above, and further alleges:

59.    This cause of action asserts a claim against JOHN DOE for the actual theft of Plaintiff's property as well as for receiving, aiding in concealing, and withholding from Plaintiff the stolen property.

60.    In pertinent part, Cal. Penal Code sec. 496(a) imposes liability upon "[e]very person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained" and provides that "[a] principal in the actual theft of the property may be convicted pursuant to this section."

61.    Furthermore, Cal. Penal Code sec. 496(c) provides: "Any person who has been injured by a violation of subdivision (a) or (b) may bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees."

62.    Plaintiff's cryptocurrency assets were stolen from him, or were obtained by, Defendant JOHN DOE in a manner constituting theft.

63.    Defendant JOHN DOE knew the property was stolen.

64.    JOHN DOE received and had (and, upon information and belief, still has) possession of the property stolen from Plaintiff.

65.    JOHN DOE is liable to Plaintiff for three times the amount of Plaintiff's actual damages, the costs of this suit, and all reasonable attorney's fees incurred by plaintiff in connection herewith.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MOHAN TRIKHA, an individual, respectfully prays for relief as follows:

(a) A judgment awarding Plaintiff equitable restitution, including, without limitation, restoration of the *status quo ante*, and return to Plaintiff all cryptocurrency or fiat currency taken from him in connection with the government impersonation scam perpetrated upon Plaintiff by Defendant JOHN DOE;

(b) The equitable imposition of a constructive trust over the property taken from Plaintiff that is currently held by Defendant JOHN DOE, an individual, in the Two Consolidated Destination Addresses or any subsequent digital wallet address to which the assets stolen from Plaintiff have been or are in the future transferred; and entry of an Order that the wrongfully obtained property be restored to Plaintiff;

(c) An award of any and all additional damages recoverable under law including but not limited to compensatory damages, lost profits, expenses, treble damages, punitive damages, incidental damages, and consequential damages;

(d) Pre- and post-judgment interest;

(e) Attorneys' fees, expenses, and the costs of this action; and

(f) All other and further relief as the Court deems necessary, just, and proper.

## RESERVATION OF RIGHTS

Plaintiff reserves his right to further amend this Complaint, upon further investigation and discovery, to assert any additional claims for relief against Defendant or other parties as may be warranted under the circumstances and as allowed by law.

Respectfully submitted,

By: */s/ Diane Y. Byun*
Diane Y. Byun (SBN 337155)
David C. Silver (*pro hac vice forthcoming*)
**SILVER MILLER**
5411 North University Drive – Suite 203
Coral Springs, Florida 33067
Telephone: (954) 516-6000
DByun@SilverMillerLaw.com
DSilver@SilverMillerLaw.com

*Attorneys for Plaintiff Mohan Trikha*

Dated:   May 18, 2026